**Richard MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60653.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 19, 1982.

---

John L. Lesley, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

W. C. DAVIS, Judge.

Appellant was convicted of aggravated assault. The jury assessed punishment at five years.

Appellant's sole contention on appeal is that the evidence was insufficient to support the verdict of the jury in that it was not established that the knife used by appellant to injure the complainant was in fact a deadly weapon as alleged in the indictment.

The State presented testimony from two witnesses. Rosa Jimenez, the complainant, testified that on June 10, 1978, she went to the El Jacalito Bar with Anita Vasquez. Jiminez said that at the bar "some guys" sat down at their table; the appellant was identified as one of those "guys." Jiminez testified that she started to walk away from the table when appellant grabbed her arm and said "he would show [her] something." She said he took something from his pocket, "that's when he went like that to me. (Indicating)"

The prosecutor asked,

"Q. You say he went like that. What did he do? You made a motion with your hand. What was in his hand?

A. I guess it was a knife.

Q. Did it look like a knife to you?

A. Yes.

Q. Did it have a blade?

A. Yes.

Q. You said he made a striking motion. Where did he strike at, please?

A. Right here on the face. (Indicating)"

The complainant stated that after the appellant cut her face, some friends took her to the hospital where her wound was stitched.

On cross-examination, defense counsel asked the witness:

"Q. Now, earlier, you stated that you really didn't see what you were cut with, did you?

A. No.

\* \* \* \* \* \*

Q. Are you just assuming that that was what it was because he cut you?

A. It had to be a knife."

On re-direct examination, the witness stated that she just saw something shiny.

Anita Vasquez testified that she was with the complainant the night of the assault. Vasquez said that she saw the complainant and the appellant arguing, then when the complainant walked away from the appellant, the appellant pulled her by the arm, took his knife out of his pocket, and cut her. The witness identified a photograph, which was introduced into evidence, as accurately depicting the complainant's face and the wound she received that night.

The State was bound by the indictment under V.T.C.A., Penal Code, Sec. 22.02(a)(3) to prove that appellant used a deadly weapon. "Deadly weapon" is defined in V.T. C.A., Penal Code, Sec. 1.07(a)(11) as:

"(A) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

■ This Court has held that a knife is not a deadly weapon per se. *Windham v. State,* 530 S.W.2d 111 (Tex.Cr.App.1975). But a knife can be shown to be a deadly weapon through proof of the manner of its use, its size and shape, and its capacity to cause serious bodily injury. *Denham v.*

*State,* 574 S.W.2d 129 (Tex.Cr.App.1978); *Alvarez v. State,* 566 S.W.2d 612 (Tex.Cr. App.1978).

■ Wounds inflicted upon a victim are a factor to consider in determining whether a weapon qualifies as a deadly weapon. *Denham, supra.* Expert testimony is not required in making such a determination. *Id.*

■ In the instant case, we know nothing about the size and shape of the knife used by appellant, except that it apparently fit in appellant's pocket.

The manner of the weapon's use is not so elusive, however. The photograph of the wound suffered by complainant shows a deep slash from just underneath the complainant's earlobe across her cheek to the corner of her mouth. The wound appears to be deep and has been closed by numerous sutures.

Throughout its length, the wound is in close proximity to the complainant's throat, starting approximately one to two inches above the jawline and roughly parallel to it.

Although we cannot ascribe to common knowledge medical knowledge such as the position and function of the jugular vein and carotid artery, it is certainly common knowledge that the throat is a particularly vulnerable part of the body, as exemplified by the popular expression "go for the throat."

The photograph of the wound suffered by complainant presented the jury with ample evidence from which to draw the inference that the manner of appellant's use of the

knife in the instant case rendered it a deadly weapon.[1]

The judgment is affirmed.