NUMBER 13-01-507-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



CHARLES KAUFMAN,                                                           Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 117th District Court

                                  of Nueces
County, Texas.

 

 



                                   O P I N I O N

 

                    Before Justices Dorsey,
Hinojosa, and Castillo

                                  Opinion by
Justice Dorsey

 








A jury found appellant, Charles Kaufman, a Nueces County Corrections
Officer, guilty of one count of aggravated assault, two counts of misdemeanor
assault, and four counts of official oppression.  The incident forming the basis of these
convictions occurred at the Nueces County Jail after two suspects were arrested
and taken to the jail.  By four points of
error appellant challenges the legal and factual sufficiency of the evidence to
support his aggravated assault conviction, and he  complains the trial court erred by limiting
cross-examination of the State=s expert witness and
that the trial court erred by denying his request for ten peremptory
challenges.  We affirm.

                                                        I. Facts

On February 20, 2000, Ralph Torres and a friend were arrested and
taken to the Nueces County Jail.  While
Officer Castleberry escorted Torres inside the jail facility Torres turned
around to see where his friend was.  Castleberry,
in an attempt to control Torres, put his arm around Torres=s neck and took him to
the floor.  During the take down Torres
fell on Castleberry=s leg, breaking
it.  Although Torres was non-combative,
Officer Kaufman, appellant, grabbed Torres by the shirt and dragged him down a
hall.  After Torres was strapped in a
restraint chair appellant choked him. 
Video cameras in the jail caught the incident on videotape, which was admitted
into evidence during trial.

                                Sufficiency
Of The Evidence

By points one and two appellant attacks the legal and factual
sufficiency of the evidence to support his aggravated assault conviction.  In evaluating the legal sufficiency of the
evidence we use the standard in Jackson v. Virginia, 443 U.S. 307, 319
(1979).  In evaluating the factual
sufficiency of the evidence we apply the test set forth in Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996).








A person commits aggravated assault if he intentionally, knowingly, or
recklessly causes serious bodily injury to another, or intentionally or
knowingly threatens or injures another with a deadly weapon.  Tex.
Pen. Code Ann. '' 22.01(a), 22.02(a)
(Vernon 1994).  ASerious bodily injury@ means Abodily injury that creates
a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.@  Tex.
Pen. Code Ann. ' 1.07(a)(46) (Vernon
1994) (emphasis added).  Here the
application paragraph provided that the jury could convict appellant of
aggravated assault if they found that he Aintentionally,
knowingly, or recklessly cause[d] serious bodily injury to Ralph Torres by
choking Ralph Torres. . . .@

The State relied on the testimony of Dr. Lloyd White, the Nueces
County Medical Examiner, to establish that appellant=s act of choking
Torres constituted serious bodily injury, because the choking created a
substantial risk of death.  See Tex. Pen. Code Ann. ' 1.07(a)(46) (Vernon
1994).  Appellant argues that Dr. White=s testimony directly
conflicts with the legal definition of Aserious bodily injury,@ because Dr. White
only set forth the proposition that, to him, serious bodily injury meant Abodily injury that could
create a substantial risk of death.@  Appellant argues that this is not consistent
with the legal definition of serious bodily injury.








Dr. White viewed the videotape showing appellant=s assault of
Torres.  During the guilt/innocence phase
the State=s attorney asked Dr.
White the following three questions:  ADoctor, based on your
number of years of experience and number of people that‑‑injuries
you've seen and autopsies that you've done, is it your professional opinion
that the actions of . . . [appellant] created a substantial risk of death to
Ralph Torres?@; APersons who are choked
but not choked to death are exposed to a substantial risk of death, is that
correct?@; and ABased on the
videotape, the witness statements that you observed, is it your professional
opinion that Ralph Torres was subjected to a substantial risk of death by
choking?@.  Dr. White answered affirmatively to these
questions.  Dr. White=s testimony showed
that appellant gripped the front of Torres=s neck, placing his
thumb on one side and his fingers on the other side of the larynx or voice box
region.  There were periods of time,
sometimes involving as much as thirty seconds or so, in which appellant gripped
the front of Torres=s neck.  According to Dr. White appellant=s actions could
interrupt Torres=s air flow, blood
circulation to the brain, and result in carotid body stimulation.

Viewing the evidence in the light most favorable to the prosecution we
hold that any rational trier of fact could have found beyond a reasonable doubt
that appellant=s act of choking
Torres created a substantial risk of death. 
We do not find that the proof of guilt is so obviously weak that it
undermines confidence in the jury's determination, or is greatly outweighed by
contrary proof.  Accordingly we hold the 

evidence
is legally and factually sufficient to support appellant's conviction for
aggravated assault.  We overrule points
one and two.

                                        Dr.
White=s Cross-Examination








By point three appellant argues that the trial court erred by limiting
his cross-examination of Dr. White.  The
Sixth Amendment protects the defendant's right not only to confront the witnesses
against him, but to cross‑examine them as well.  Davis v. Alaska, 415 U.S. 308, 316
(1974).  The accused is accorded great
latitude in showing witness bias or motive to falsify testimony.  Tan Kien Tu v. State, 61 S.W.3d 38, 53
(Tex. App.BHouston [14th Dist.]
2001, no pet.).  The extent of this cross‑examination,
however, is not unlimited, and the trial court retains wide latitude to impose
reasonable limits on cross‑examination. 
Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986); Carroll v.
State, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996).  The trial court must carefully consider the
probative value of the evidence and weigh it against the risks of
admission.  Tan Kien Tu, 61 S.W.3d
at 53.  See Hodge v. State, 631
S.W.2d 754, 758 (Tex. Crim. App. 1982). 
These potential risks include "the possibility of undue prejudice,
embarrassment or harassment to either a witness or a party, the possibility of
misleading or confusing a jury, and the possibility of undue delay or waste of
time."  Id.; Tex. R. Evid. 403.  A trial court may exclude evidence being
elicited during cross‑examination on the basis that the prejudicial
effect of that evidence clearly outweighs its probative value.  Tan Kien Tu, 61 S.W.3d at 53; Nevels
v. State, 954 S.W.2d 154, 157 (Tex. App.BWaco 1997, pet. ref'd).








A Confrontation Clause violation occurs when a defendant is prohibited
from engaging in otherwise appropriate cross‑examination designed to show
a prototypical form of bias on the part of the witness, and thereby "to
expose to the jury the facts from which jurors . . . could appropriately draw
inferences relating to the reliability of the witness."  Van Arsdall, 475 U.S. at 680.  However the trial court's decision to limit
cross‑examination is not subject to reversal absent a clear abuse of
discretion.  Love v. State, 861
S.W.2d 899, 903 (Tex. Crim. App. 1993); Tan Kien Tu, 61 S.W.3d at
53.  Whether the trial court abuses its
discretion depends upon the facts of the case. 
Tan Kien Tu, 61 S.W.3d at 53-54.

During the guilt/innocence phase appellant sought to cross-examine Dr.
White about his testimony in an unrelated criminal trial, State v. Dario
Bargas, Jr.,[1]
involving serious bodily injury.  The
State objected that Dr. White=s testimony in the Bargas
case was irrelevant, and the trial court sustained the objection. 

Appellant made a bill of exceptions in which he introduced into
evidence Dr. White=s testimony in the Bargas
case.[2]  In that case Dr. White testified that stab
wounds and lacerations made by scissors to various parts of the female victim=s body did not
constitute serious bodily injury.








We hold that the trial court did not abuse its discretion.  The victim's wounds in the Bargas case
bear no similarity to the wounds here. 
This case concerns whether appellant=s act of choking Torres created a substantial
risk of death and the Bargas case concerned whether those stab wounds
constituted serious bodily injury.  Stab
wounds are a much different type of injury than injuries which may result when
someone chokes the other.  Stab wounds,
depending on their depth, location, and number may or may not constitute
serious bodily injury.  Choking, on the
other hand, can cause loss of air flow, loss of blood circulation to the brain,
and carotid stimulation depending on the amount of pressure, where applied, and
its duration.  Twenty years ago the court
of criminal appeals stated that Ait is certainly common
knowledge that the throat is a particularly vulnerable part of the body, as
exemplified by the popular expression >go for the throat.="  Morales v. State, 633 S.W.2d 866, 868
(Tex. Crim. App. 1982).   

We hold the trial court did not err in holding the evidence was not
relevant and excluding it.  The trial
court allowed appellant to thoroughly question Dr. White about his
understanding of the definition of serious bodily injury and whether being
stabbed with scissors in the face, chest and behind both ears could create a
risk of serious bodily injury.  Due to
the differences in the two cases, Dr. White could have had different opinions
regarding the injuries and how they were inflicted without compromising the
veracity of his medical opinion or his credibility as an expert.  Therefore the trial court properly excluded
Dr. White=s testimony regarding
prior statements in the Bargas case. 
We overrule appellant's third point of error.

                                             Peremptory
Challenges

By point four appellant argues that the trial court erred in
overruling his request for ten peremptory challenges as set forth in article
35.15(b) of the Texas Code of Criminal Procedure.  Article 35.15(b) provides that AIn non‑capital
felony cases . . . the State and defendant shall each be entitled to ten
peremptory challenges.  If two or more
defendants are tried together each defendant shall be entitled to six
peremptory challenges and the State to six for each defendant.@  Tex.
Code Crim. Proc. Ann. art. 35.15(b) (Vernon Supp. 2002).








Appellant was indicted on four felony counts and four misdemeanor
counts.  His co-defendant Thomas Bailey[3]
was indicted for two misdemeanor counts. 
Appellant and Bailey were tried together in the 117th Judicial District
Court of Nueces County.  The trial court
denied appellant=s request for ten
peremptory challenges, but instead granted him six peremptory challenges.  Appellant renewed his request for an
additional four peremptory challenges prior to the jury being seated, pointing
out that jurors 5, 6, 7, and 11 were objectionable to him.  The trial court denied the request.








Appellant argues that because only he was charged with a felony
offense, he alone qualified as a defendant under article 35.15(b) for the
determination of statutory peremptory challenges.  Thus he contends that the trial court should
have awarded him ten peremptory challenges. 
Appellant has not cited any case law to support this argument, but
instead relies on his own interpretation of the statute.  We point out that peremptory challenges are
not of constitutional dimension, Ross v. Oklahoma, 487 U.S. 81, 88
(1988), but instead are a statutory right. 
See Tex. Code Crim. Proc.
Ann. arts. 35.14, 35.15(b) (Vernon 1989 & Supp. 2002).  Under our approach to statutory
interpretation we look solely to the literal text of the statute for its
meaning unless the text is ambiguous or application of the statute's plain
language would lead to an absurd result that the legislature could not possibly
have intended.  Fryer v. State, 68
S.W.3d 628, 629 (Tex. Crim. App. 2002); Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991).  The literal
text of article 35.15(b) provides, in relevant part, that AIn non‑capital
felony cases . . . the State and defendant shall each be entitled to ten
peremptory challenges.  If two or more
defendants are tried together each defendant shall be entitled to six
peremptory challenges. . . .@  Tex.
Code Crim. Proc. Ann. art. 35.15(b) (Vernon Supp. 2002).  When two or more defendants are Atried together@ the statute does not
distinguish between defendants charged with felonies and defendants charged
with misdemeanors.  The language of this
statute is not ambiguous and application of the statute's plain language does
not lead to an absurd result that the legislature could not possibly have
intended.  If a co-defendant is concerned
about the number of peremptory challenges, one solution is to move for a
severance on the ground that a joint trial would deprive the defendant of the
full allotment of peremptory challenges. 
We hold that the trial court did not err by denying appellant=s request for ten
peremptory challenges.  We overrule point
four.

We AFFIRM the trial court=s judgment.

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 22nd day of
August, 2002.











[1]State of Texas v.
Dario Bargas, Jr., in the 36th Judicial District Court of San Patricio County, Texas,
trial court Cause No. S‑003083‑CR.





[2]This testimony was
marked as Defendant=s Exhibit No. 3.





[3]Thomas Bailey is not a
party to this appeal.