Opinion issued October 31, 2002

 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00030-CR






TRACEY LYNN THURMAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 21st District Court

Burleson County, Texas

Trial Court Cause No. 12,315-CR






O P I N I O N


 A jury convicted appellant, Tracey Lynn Thurman, of aggravated assault with
a deadly weapon, and the court assessed punishment of seven years' imprisonment. 
In a single point of error, appellant argues that the trial court committed reversible
error by denying her motion for an instructed verdict because there was insufficient
evidence to support the conviction as alleged in the indictment. We affirm.

Background

 In January 2001, Kyle Edward Buckley was working as a cross-country truck
driver when appellant began a conversation with him over his CB radio. Buckley and
appellant met face-to-face over breakfast in Segovia, Texas, and appellant later
accompanied Buckley to his home in Somerville, Texas, where she remained for
approximately two days. After this incident, Buckley attempted to terminate contact
with appellant, telling her he was attempting to reconcile with his wife. On April 24,
2001, Buckley and appellant spoke over the telephone, and Buckley again told
appellant not to call him or visit his home.

 On April 25, 2001, Buckley came home from work to find appellant and two
unknown men inside his home. On arriving home, Buckley found the front door to
his house had been locked in his absence. Buckley saw appellant come around from
the back of the house and met her in the yard, where she confronted Buckley about
a conversation he had with her sister. Buckley and appellant then entered Buckley's
home, where Buckley encountered two unknown men in his living room. Appellant
called Buckley into the bedroom, where she continued to confront him. Buckley told
appellant he "didn't want anything to do with her," and asked her to leave because he
expected his wife to come home at any moment. Buckley then returned to the main
part of the house, where he sat down on a barstool in the kitchen. Appellant then
came up behind Buckley while he was sitting on the barstool and "cut [his] throat." 
Buckley did not see the instrument used by appellant, but testified at trial that it
"hurt" and that he believed it was inflicted by "a serrated knife blade." After being
attacked by appellant, Buckley ran to a neighbor's house to call the police and 911. 
He was transported by paramedics to the hospital, where he was hospitalized for three
days. Buckley testified that his injury was a cut trachea, for which he received 12
stitches.

 During the trial, the State did not introduce the weapon used to cut Buckley,
but the jury heard testimony about two knives officers recovered during the
investigation: one was a silver knife with a three to four inch serrated blade found in
the truck in which appellant and her companions were apprehended; the other was a
pocket knife recovered from Buckley's house. Neither knife was linked to the assault
by blood or other evidence. 

Discussion

 In appellant's single point of error, she contends the trial court erred by
denying her motion for an instructed verdict where there was insufficient evidence
to support the conviction as alleged in the indictment. The indictment returned by the
grand jury stated that appellant "cause[d] bodily injury to Kyle Edward Buckley by
cutting the throat or neck of the said Kyle Edward Buckley," and that the appellant
"did then and there use or exhibit a deadly weapon, to-wit: a knife, during the
commission of said assault." On appeal, appellant contends the State's evidence was
insufficient to establish that she used or exhibited a knife in the commission of the
offense, and that the trial court's failure to grant her motion for an instructed verdict
was, therefore, reversible error.

 A motion for an instructed verdict is an attack on the legal sufficiency of the
evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); Garcia v.
State, 17 S.W.3d 1, 4 (Tex. App.--Houston [1st Dist.] 1999, no pet.). When
reviewing the legal sufficiency of the evidence, we review the evidence in the light
most favorable to the conviction and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Megas v. State, 68 S.W.3d
234, 238 (Tex. App.--Houston [1st Dist.] 2002, no pet.). We must consider "all of
the record evidence and reasonable inferences therefrom in the light most favorable
to the jury's finding." Richardson v. State, 879 S.W.2d 874, 879 (Tex. Crim. App.
1993). Further, we must take into account the fact that the State may prove its case
by circumstantial evidence, as long as it shoulders its burden of proving all of the
elements of the charged offense beyond a reasonable doubt. Easley v. State, 986
S.W.2d 264, 271 (Tex. App.--San Antonio, 1998, no pet.) ("[T]he jury is entitled to
draw reasonable inferences from basic facts to ultimate facts. The sufficiency of the
evidence is determined from the cumulative effect of all the evidence . . . .") (citations
omitted). 

 A person commits aggravated assault if he intentionally, knowingly, or
recklessly causes serious bodily injury to another, or intentionally or knowingly
threatens or injures another with a deadly weapon. See Tex. Pen. Code Ann. § 22.01
& 22.02(a)(2) (Vernon Supp. 2002). A deadly weapon is defined as "a firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or anything that in the manner of use or intended use is capable
of causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17)
(Vernon Supp. 2002). The indictment read to the jury in this case specified that
appellant had used a "deadly weapon, to wit, a knife" in committing her assault
against Buckley. The burden upon the prosecution therefore, was two-fold: first, the
State was required to prove beyond a reasonable doubt that the appellant used a knife
during the assault, and second, the State was required to prove beyond a reasonable
doubt that the knife used by appellant qualified as a deadly weapon. 

A. The evidence was legally sufficient for a rational jury to conclude that appellant
used a knife when assaulting Buckley.

 In light of all the evidence presented, we believe that a rational jury could have
found beyond a reasonable doubt that appellant used a knife in committing the assault
against Buckley. Although the State did not produce evidence conclusively linking
either of the two knives recovered by police to Buckley's injuries, there was sufficient
evidence for a rational jury to conclude that a knife had indeed been used. Buckley
testified that the injury "felt" like a serrated knife cutting into his throat, he received
12 stitches, and he was hospitalized for three days as a result of the injury. In
addition, the jury was able to view first-hand the scar left by the incident, and the
assault to which Buckley testified is consistent with a knife attack from behind. 
Finally, police officers testified about the serrated knife found in appellant's truck
and the pocketknife found at the scene, although neither of these items was offered
into evidence or conclusively linked to the crime. 

 Appellant challenges the sufficiency of this evidence, pointing out that no
medical expert testimony was produced by the State to affirm that Buckley's injury
was indeed produced by a knife and not some other sharp-bladed instrument.
However, in light of the evidence offered, we do not believe that the jury acted
irrationally in concluding that Buckley's injuries were inflicted by appellant's
wielding a knife during her assault: the jury was provided with enough evidence
about the wound and the facts of the assault, and we cannot say they did not act
rationally in finding beyond a reasonable doubt that the appellant used a knife during
her attack.

B. The evidence was legally sufficient for a rational jury to conclude that the knife
was actually capable of causing death or serious bodily harm in the manner of its use
or intended use.

 Similarly, the State presented sufficient evidence to enable a rational jury to
conclude beyond a reasonable doubt that the knife appellant employed in her assault 
qualified as a deadly weapon. In order to conclude that the knife used by appellant
qualified as a deadly weapon, the jury must have found that the knife was "actually
capable of causing death or serious bodily injury in the manner of its use or intended
use." Lee v. State, 51 S.W.3d 365, 371-72 (Tex. App.--Austin 2002, no pet.). In
Garcia v. State, this Court listed factors that could be used in determining whether
a knife qualified as a deadly weapon in its use or intended use, including (1) the size,
shape, and sharpness of the knife, (2) the manner of use or intended use, (3) the
nature or existence of inflicted wounds, and (4) testimony regarding the knife's
life-threatening capabilities. 17 S.W.3d at 4.

 Here, the jury was presented with evidence regarding the actual use of the knife
and the wound it inflicted. This type of evidence has been held sufficient to support
a finding that a knife is a deadly weapon. Morales v. State, 633 S.W.2d 866, 868
(Tex. Crim. App. 1982); Hart v. State, 581 S.W.2d 675, 677 (Tex. Crim. App. 1979). 
In Morales, the victim did not see the instrument with which she had been cut and
therefore could not describe its physical characteristics. 633 S.W.2d 866. The court
stated that while "[i]n the instant case, we know nothing about the size and shape of
the knife . . . ., [t]he manner of the weapon's use is not so elusive, however." Id. at
868 (emphasis added). In sustaining the legal sufficiency of the evidence to support
a charge of aggravated assault and upholding the finding that the knife used had been
a deadly weapon, the Morales court focused on both the actual and the possible
damage inflicted in the attack, stating "[a]lthough we cannot ascribe to common
medical knowledge such as the position and function of the jugular vein and carotid
artery, it is common knowledge that the throat is a particularly vulnerable part of the
body, as exemplified by the popular expression 'go for the throat.'" Id.

 In light of all the evidence presented, we do not believe that the jury acted
irrationally in finding beyond a reasonable doubt that the appellant was guilty of
assaulting Buckley with a knife that was a deadly weapon. Accordingly, we overrule
appellant's sole point of error. 
 We affirm the judgment of the trial court. 

 




 Frank C. Price (1)

 Justice 


Panel consists of Justices Taft, Alcala, and Price.

Do not publish. Tex. R. App. P. 47.


 

 







 
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.