Opinion issued December 8, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00245-CR




BRAD ALLEN BROUSSARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 994484




MEMORANDUM OPINION
          A jury convicted appellant, Brad Allen Broussard, of aggravated robbery and
assessed his punishment at 50 years confinement. See Tex. Pen. Code Ann. § 29.03
(Vernon 2003). In four points of error, appellant argues that the evidence was legally
and factually insufficient to prove (1) his identity and (2) that he used a deadly
weapon while committing the robbery. 
          We affirm. Background
          At approximately 7:15 a.m. on July 15, 2004, appellant confronted the
complainant, Edna Grounds, as she attempted to exit her vehicle in the parking lot of
a neighborhood grocery store. Appellant placed a knife to Grounds’s throat and
demanded money. Having only one dollar in her purse, Grounds offered to go inside
the store in order to withdraw additional cash from an ATM machine. Appellant
refused this offer and demanded that Grounds take him to a drive-thru ATM. While
holding the knife near Ground’s face, appellant entered the back seat of her car and
ordered her to drive him to an ATM. After Grounds and appellant were unable to
locate a drive-thru ATM, appellant instructed Grounds to pull into a Stop ‘N Go
convenience store.
          Appellant informed Grounds that he would follow her into the store, where she
would withdraw money from her account. As they approached the entrance, appellant
told Grounds that if she screamed, he would “cut her up” and then “go get her
family.” Grounds withdrew $300 in twenty dollar bills, handed them to appellant,
and then screamed that she was being robbed. As he ran out of the store, appellant
fell and dropped a cell phone, dislodging the phone’s battery. Appellant retrieved the
phone before continuing to flee, but not the battery.
          Doris Boyd, the manager of the store, called 911. Boyd testified that she had
witnessed Grounds and appellant together at the ATM before appellant fled. D.
Johnson, an officer with the Harris County Constable’s Office, arrived at the store
shortly after Boyd’s 911 call. Grounds described her assailant to Johnson and then
rode with him in his patrol car to search the area. She spotted appellant about a block
from the convenience store and identified him to Johnson. Appellant, who had
observed Johnson’s patrol car, immediately fled into a nearby subdivision.
          Additional officers were called to assist in the search for appellant and to
ensure that he was unable to exit the subdivision without being apprehended. During
the search, appellant was observed running about the neighborhood by various
officers. Appellant was eventually chased to a nearby apartment complex where he
was then residing with his cousin, Kenneth Harrell. Harrell testified that appellant
ran into the apartment while being pursued by police officers. Appellant barricaded
the apartment’s front door and crawled behind the refrigerator, where he was found
after officers gained access to the apartment by breaking a window. At or near the
scene of the arrest, officers found a bundle of 20-dollar bills totaling $260. 
Discussion Legal and Factual Sufficiency of the Evidence: Appellant’s Identity
          In his first and second points of error, appellant argues that the evidence
presented at trial was legally and factually insufficient to sustain his conviction. 
Specifically, appellant contends that the evidence was not sufficient to establish his
identity as the perpetrator. 
Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562. 
          A person commits theft if he unlawfully appropriates property with the intent
to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon
2003). A person commits robbery when, “in the course of committing theft . . . and
with intent to obtain or maintain control of the property, he: (1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death.” 
See Tex. Pen. Code Ann. § 29.02 (Vernon 2003). A conviction for aggravated
robbery requires that the State prove that the defendant committed a robbery and
either caused serious bodily injury to another, used or exhibited a deadly weapon, or
“causes bodily injury to another person or threatens or places another person in fear
of imminent bodily injury or death, if the person is: . . . 65 years of age or older; or
. . . a disabled person.” Id. at § 29.03.
          Here, the complainant positively identified appellant in open court as the man
who robbed her. On its own, the complainant’s positive identification of appellant
suffices to establish his identity as the offender. See Escovedo v. State, 902, S.W.2d
109, 115 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d). Moreover, Boyd
identified appellant as the man she saw hovering over the complainant as she
withdrew money from the Stop ‘N Go’s ATM machine. Thus, we conclude that the
State presented legally sufficient evidence of appellant’s identity. 
          We overrule appellant’s first point of error. 
Factual Insufficiency
          We begin a factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility to be accorded any witness’s
testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight
to give contradictory testimonial evidence is within the sole province of the fact
finder because it turns on an evaluation of credibility and demeanor; the fact finder
may choose to believe all, some, or none of the testimony presented. Id. at 407–09. 
We must defer appropriately to the fact finder to avoid substituting our judgment for
its judgment. Zuniga, 144 S.W.3d at 481–82. 
          Here, appellant argues that the evidence presented at trial was factually
insufficient to identify him as the offender. His contention is without merit. As
noted, the complainant and Boyd positively identified appellant in open court.
Appellant avers that the complainant’s in-court identification is not credible because
she was unable to pick him out of a photo line-up shown to her only hours after being
robbed. The complainant testified, however, that she did not identify appellant in the
photo line-up because she was shown a dark photograph with poor resolution. It was
within the sole province of the jury to resolve any discrepancies between the
complainant’s failure to pick appellant out of the photo line-up and her positive
identification of him in open court. See Cain, 958 S.W.2d at 407.
          In addition to eyewitness testimony, appellant is connected to the robbery by
(1) $260 in twenty dollar bills recovered near the apartment where appellant was
arrested; (2) clothing found in the apartment that matches eyewitness descriptions of
appellant’s attire; (3) the cell phone battery recovered from the Stop ‘N Go that
matched the cell phone found where appellant was arrested; and (4) appellant’s
consciousness of guilt as evidenced by his flight from police and attempt to barricade
himself in Harrell’s apartment. See Bigby v. State, 892 S.W.2d 864, 884 (Tex. Crim.
App. 1994) (holding that evidence of flight “shows a consciousness of guilt of the
crime for which the defendant is on trial”). 
          Viewed in a neutral light, the evidence was factually sufficient to support
appellant’s conviction. 
          We overrule appellant’s second point of error. 
          Legal and Factual Sufficiency of the Evidence: Use of a Deadly Weapon
          In his third and fourth points of error, appellant argues that the evidence
presented at trial was legally and factually insufficient to establish that the knife used
during the robbery was a deadly weapon. 
          A conviction for aggravated robbery requires that the State prove that the
defendant committed a robbery and either caused serious bodily injury to another,
used or exhibited a deadly weapon, or “causes bodily injury to another person or
threatens or places another person in fear of imminent bodily injury or death, if the
person is: . . . 65 years of age or older; or . . . a disabled person.” See Tex. Pen.
Code Ann. § 29.03. Here, the complainant was uninjured, under the age of 65, and
not disabled. Thus, the State could obtain a conviction for aggravated robbery only
by proving that the knife used by appellant was a deadly weapon.
          A deadly weapon is defined as “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.” See Tex. Pen.
Code Ann. § 1.07(a)(17)(B) (Vernon 2003). While not a deadly weapon per se, a
knife may be a deadly weapon based on the nature of its use or intended use. See
Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). In
determining whether or not a given knife is a deadly weapon, courts consider the
following factors: (1) the size, shape, and sharpness of the knife; (2) the manner of
its use or intended use; (3) the nature or existence of inflicted wounds; and (4)
testimony about the knife’s life-threatening capabilities. Id. Contrary to appellant’s
contentions, these factors need not be proven by introducing the knife into evidence
or through expert testimony. See Morales v. State, 633 S.W.2d 866, 868 (Tex. Crim.
App. 1982) (holding that a weapon can be found to be deadly without having been
introduced into evidence); Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App.
1980) (holding that expert testimony is not required to establish that a weapon is
deadly). 
          Here, the complainant described appellant’s knife as one with a long, smooth,
sharp blade, more akin to a carving knife than a butter knife. She testified that
appellant placed the knife at her throat, flicking it back and forth. The complainant
further testified that appellant told her that he would “cut her up,” and indicated that
she feared for her life. In view of this evidence, a rational fact finder could have
found beyond a reasonable doubt that appellant’s knife was a deadly weapon based
on the nature of its physical characteristics and its intended use. See Garcia, 17
S.W.3d at 4. Furthermore, when viewed in a neutral light, the evidence supports the
jury’s determination that appellant employed a deadly weapon. Thus, we find that the
State presented legally and factually sufficient evidence regarding appellant’s use of
a deadly weapon. 
          We overrule appellant’s third and fourth points of error. 
 
 
Conclusion
          We affirm the judgment of the trial court. 
                                                             
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks. 
Do not publish. Tex. R. App. P. 47.2(b).