ACCEPTED
01-14-00649-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 9:42:32 AM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00649-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/9/2015 9:42:32 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

**JOHN ANDREW GARCIA,**

*Appellant*,

**Vs.**

**THE STATE OF TEXAS,**

*Appellee.*

**Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 73555**

## BRIEF FOR THE APPELLEE, THE STATE OF TEXAS

JERI YENNE – BRAZORIA COUNTY
CRIMINAL DISTRICT ATTORNEY

Trey D. Picard
Assistant Criminal District Attorney
State Bar No. 24027742
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

Attorney for the Appellee,
The State of Texas

**Oral argument is not requested.**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**                              John Andrew Garcia


**Appellee:**                               The State of Texas


**Attorney for the Appellant:**             Keith Allen
                                            State Bar No. 01043550
                                            Attorney at Law
                                            2360 CR 94, Suite 106
                                            Pearland, Texas 77584
                                            (832) 230-0075
                                            (832) 413-5896 Fax


**Attorney for the Appellant
at Trial:**                                 Bill Leathers
                                            State Bar No. 12095300
                                            Attorney at Law
                                            608 North Front St.
                                            P.O. Box 1476
                                            Angleton, Texas 77516
                                            (979) 848-1700
                                            (979) 864-3535 Fax


**Attorneys for the Appellee
on Appeal:**                                Jeri Yenne
                                            State Bar No. 04240950
                                            Criminal District Attorney
                                            Trey D. Picard
                                            State Bar No. 24027742
                                            Assistant Criminal District Attorney
                                            111 East Locust St., Suite 408A
                                            Angleton, Texas 77515
                                            (979) 864-1233
                                            (979) 864-1712 Fax

ii

**Attorneys for the Appellee at Trial:**

Jeri Yenne
State Bar No. 04240950
Criminal District Attorney
Chase Clayton
State Bar No. 24072040
Assistant Criminal District Attorney
Kurt Sistrunk
State Bar No. 18444950
Assistant Criminal District Attorney
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................... ii

TABLE OF CONTENTS ................................................................. iv

INDEX OF AUTHORITIES ............................................................... v

ABBREVIATIONS FOR RECORD REFERENCES ................................................ vi

STATEMENT OF THE CASE .............................................................. 1

ISSUES PRESENTED ................................................................... 2

STATEMENT OF FACTS ................................................................. 3

SUMMARY OF THE ARGUMENT ............................................................ 5

ARGUMENT .......................................................................... 6

1)   *The evidence supports the jury's finding that the Appellant used a deadly weapon* ............................................................... 6

2)   *Appellant was not prevented from testifying during guilt-innocence by his attorney; neither is any prejudice resulting from his failure to testify shown in the record* ................................. 10

CONCLUSION ........................................................................ 15

PRAYER ............................................................................ 16

CERTIFICATE OF SERVICE ............................................................ 17

CERTIFICATE OF RULE 9.4 COMPLIANCE ................................................ 18

APPENDIX .......................................................................... 19

# INDEX OF AUTHORITIES

**Cases**

*Brooks v. State,*
  323 S.W.3d 893 (Tex. Crim. App. 2010)..................................... 6

*Bryant v. State*,
  No. 01–12–00921–CR, 2013 WL 6506302
  (Tex.App.—Houston [1st Dist.], Dec. 10, 2013, no pet.)
  (mem.opinion) (not designated for publication) ........................ 8

*Clayton v. State,*
  235 S.W.3d 772 (Tex. Crim. App. 2007)................................... 7

*Ex Parte Martinez,*
  330 S.W.3d 891 (Tex.Crim.App.2011)..................................... 11

*Isassi v. State,*
  330 S.W.3d 633 (Tex. Crim. App. 2010).............................. 6, 9

*Jackson v. Virginia,*
  443 U.S. 307 (1979) ................................................................... 6

*Jarnagin v. State*,
  No. 01–09–00753–CR, 2010 WL 5186782
  (Tex.App.—Houston [1st Dist.], Dec. 23, 2010
  (mem.opinion) (not designated for publication) ........................ 9

*Johnson v. State*,
  169 S.W.3d 223 (Tex.Crim.App.2005),
  cert. denied 546 U.S. 1181 (2006) .......................................... 10

*Jones v. State,*
  944 S.W.2d 642 (Tex.Crim.App.1996)..................................... 9

*Laster v. State,*
  275 S.W.3d 512 (Tex.Crim.App.2009)..................................... 8

*Mills v. State,*
      No. 01–11–00068–CR, 2012 WL 524450
      (Tex.App.—Houston [1st Dist.] Feb. 16, 2012, no pet.)
      (mem.opinon) (not designated for publication) ...................... 11

*Mitchell v. State,*
      68 S.W.3d 640 (Tex.Crim.App.2002).................................... 11

*Morales v. State,*
      633 S.W.2d 866 (Tex.Crim.App.1982)................................... 8

*Perez v. State,*
      310 S.W.3d 890 (Tex.Crim.App.2010).................................. 10

*Robertson v. State,*
      163 S.W.3d 730 (Tex.Crim.App.2005).................................... 7

*Strickland v. Washington,*
      466 U.S. 668 (1984) .......................................... 10, 11

*Tong v. State,*
      25 S.W.3d 707 (Tex.Crim.App.2000).................................... 11

*Tucker v. State,*
      274 S.W.3d 688 (Tex.Crim.App.2008).................................... 8

*Yebra v. State*,
      No. 07-10-00008-CR, 2010 WL 3893684
      (Tex.App.—Amarillo, Oct. 5, 2010, pet ref'd.)
      (mem. opinion) (not designated for publication) ...................... 8

**Statutes**

TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 2011)............................ 7

TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011) ............................... 1, 7

# ABBREVIATIONS FOR RECORD REFERENCES

|   | Abbreviation | The Record |
|---|---|---|
| 1 | RR 2:532 | Reporter's Record, vol. 2, page 532. |
| 2 | CR 1:45 | Clerk's Record, vol. 1, page 45. |
| 3 | Ant. Br. 5 | Appellant's brief, page 5. |
| 4 | Apx. Ex. 1 | State's appendix, Exhibit 1. |
| 5 | RR 5: Sx. 1 | Reporter's Record, vol. 5, State's Exhibit 1 |

## STATEMENT OF THE CASE

A jury convicted the Appellant, John Garcia, of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011). Jury also assessed the Appellant's punishment at confinement for ten years. Trial occurred in the 412th District Court for Brazoria County, Texas, Hon. Ed Denman presiding. In two issues on appeal, the Appellant argues the evidence is insufficient to support his conviction and he received ineffective assistance of counsel during trial.

## ISSUES PRESENTED

At issue is whether there is sufficient evidence the Appellant used a deadly weapon when he assaulted the complainant. The Court is also asked to decide whether the Appellant received ineffective assistance of counsel because his trial attorney allegedly prohibited him from testifying during the guilt-innocence phase of trial.

**STATEMENT OF FACTS**

The instant matter involved the complainant, Rene Arredondo, and the Appellant and arose from a dispute over money owed by Rene to another individual named Timothy "Tim" McKeel for labor performed previously building a fence (RR 3:23, 3:151). Rene testified he paid Tim $75 but still owed him an additional $25 (RR 3:23). On June 13, 2013, Tim approached Rene who was, at that moment, scrapping a vehicle with his brother to earn the additional $25 needed to pay the Appellant (RR 3:23-24). Rene told Tim he would have the rest of the money due once the scrap was sold, which would take about 45 minutes (RR 3:25). Tim initially agreed but returned a short time later (RR 3:25).

The Appellant joined Tim at the scene and an argument ensued between the Appellant and the complainant's brother (RR 3:26-28). Gradually more people filtered into the location as the argument became louder and the confrontation escalated (RR 3:28). Rene then decided to return home with his wife who witnessed the confrontation escalate (RR 3:32-33). At that moment, Rene was hit from behind with a hard, metal object that landed on the right side of his face and knocked him unconscious (RR 3:33-34, 3:37, 3:40-41). Rene's wife, who was standing beside him

3

with her back turned to the Appellant, testified the impact was very loud, solid and did not sound like the impact from a fist (RR 3:87).

Rene later testified he thought the Appellant was the one who delivered the blow because he was the only one standing behind him (RR 3:37, 3:72). Rene's wife, who also testified the Appellant was the only person standing behind them when the blow was delivered, then helped Rene away from the scene as a fight erupted between Rene's brother against Tim and the Appellant (RR 3:39-40, 3:88-89). The police arrived a short time later and Rene identified the Appellant as the one who assaulted him (RR 3:41-42). Rene told the officers he had been hit with "a piece of metal," and the officers recovered a metal wrench on the ground nearby (RR 3:42, 3:72, 3:109, 8: Sx. 4). One of the responding officers later testified that Rene did in fact appear to have been struck by a blunt object verses an assailant's fist (RR 3:129-30). Rene was then taken by ambulance to the hospital where he was treated for a fractured jaw and broken teeth (RR 3:44-45). The Appellant would later threaten to kill Rene if he testified at trial (RR 3:56).

4

## SUMMARY OF THE ARGUMENT

There is no dispute the Appellant struck Rene Arredondo during an argument over money—he only argues there is no evidence he used a weapon. The nature and severity of the complainant's wounds, however, provide sufficient evidence the Appellant struck him with a blunt metal object, not a closed fist. Further, an investigating officer testified the complainant's wounds were consistent with being hit with the kind of weapon alleged in the indictment. The jury was also free to disbelieve testimony supporting the Appellant's version of events. Thus, the evidence is sufficient to support the jury's finding the Appellant used a deadly weapon during the assault.

In addition, the Appellant failed to show that his trial counsel prevented him from testifying during the guilt-innocence phase of trial over his insistence to do so. The record shows defense counsel told the Appellant he had a right to testify, but recommended he not take the stand. The Appellant also fails to show the result of trial would have been any different, had he decided to testify against his attorney's advice. Accordingly, his ineffective assistance of counsel claim should be overruled.

**ARGUMENT**

**1)**    **The evidence supports the jury's finding that the Appellant used a deadly weapon**.

In his first issue on appeal, the Appellant contends that the evidence was legally and factually insufficient to support his conviction—specifically, that he used a deadly weapon in the course of the assault. A court of appeals reviews a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Under the *Jackson* standard, the court reviews all of the evidence in the light most favorable to the verdict and determines whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319; *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In conducting a sufficiency review, a reviewing court defers to the jury's role as the sole judge of the credibility of the witnesses and the weight their testimony is to be afforded. *Brooks,* 323 S.W.3d at 899. This standard accounts for the fact finder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319; *Clayton v. State,* 235

6

S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, a court of appeals presumes that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson,* 443 U.S. at 326; *Clayton,* 235 S.W.3d at 778.

A person commits the offense of aggravated assault if he uses or exhibits a deadly weapon during the commission of an assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011). What constitutes a "deadly weapon" is determined by section 1.07 of the Texas Penal Code. *Robertson v. State,* 163 S.W.3d 730, 732 (Tex.Crim.App.2005). In the context of this appeal, a deadly weapon includes anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 2011). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46). Here, there is no dispute the Appellant assaulted the complainant; rather, he argues only that the evidence is insufficient to show he used a deadly weapon.

The indictment alleged the Appellant used a deadly weapon to assault the complainant, namely a "wrench or hard metal object" (CR 1:5). To prove the Appellant's use of a deadly weapon, the State is not required to

7

introduce the object into evidence. *Yebra v. State*, No. 07-10-00008-CR, 2010 WL 3893684 *3 (Tex.App.—Amarillo, Oct. 5, 2010, pet ref'd.) (mem. opinion) (not designated for publication) (citing *Morales v. State,* 633 S.W.2d 866 (Tex.Crim.App.1982)). Even without a description of the weapon, the victim's injuries can, by themselves, be a sufficient basis for inferring that an appellant used a deadly weapon. *See id.* (citing *Tucker v. State,* 274 S.W.3d 688, 691-92 (Tex.Crim.App.2008) and *Morales,* 633 S.W.2d at 868-69); *see also Bryant v. State*, No. 01–12–00921–CR, 2013 WL 6506302 *3 (Tex.App.—Houston [1st Dist.], Dec. 10, 2013, no pet.) (mem.opinion) (not designated for publication) (holding same).

Based on the evidence presented of the nature and severity of Rene's injuries, including a cracked jaw and shattered teeth, the jury could have reasonably found the Appellant used a deadly weapon (RR 3:41-45, 3:57-58, RR 8: Sx. 1-3). Further, the absence of direct evidence specifically identifying or describing the metal tool introduced into evidence as State's Exhibit "4" does not render the foregoing evidence of a deadly weapon so weak that the verdict is either clearly wrong or manifestly unjust. *See Laster v. State,* 275 S.W.3d 512, 518 (Tex.Crim.App.2009). There was also ample evidence at trial that the wrench recovered at the scene and admitted as State's Exhibit "4" could be used as a deadly weapon (RR 3:113, 3:138, RR

8

8: Sx. 4). In addition, testimony from the investigating officer that the complainant's wounds were consistent with being hit by a wrench or metal object further support the jury's deadly weapon finding (RR 3:129-30). *E.g., Jarnagin v. State*, No. 01–09–00753–CR, 2010 WL 5186782 *4 (Tex.App.—Houston [1st Dist.], Dec. 23, 2010 (mem.opinion) (not designated for publication) (officer testified that complainant's injuries and bruising were consistent with being struck by a bat or club).

Further, the jury heard the testimony of the complainant and his wife who said, given the blow and resulting injuries received, they believed the Appellant used a deadly weapon, in this case a blunt metal object. To be sure, the jury also heard testimony from Tim McKeel, who said the Appellant hit the complainant with a fist, but nothing else (RR 3:154-55). However, it is not the province of an appellate court to evaluate the credibility of witnesses and substitute its' own judgment for that of the jury, which is the sole judge of the weight and credibility given to witness testimony. *Isassi,* 330 S.W.3d at 638; *Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim.App.1996). Because the physical evidence and witness testimony supporting the Appellant's use of deadly weapon is sufficient, his first issue on appeal should be overruled.

9

**2) The Appellant was not prevented from testifying during guilt-innocence by his attorney; neither is any prejudice resulting from his failure to testify shown in the record.**

In his second issue, the Appellant argues his defense attorney was ineffective because counsel prevented the Appellant from testifying during the guilt-innocence phase of trial. In order to determine whether Appellant's trial counsel was ineffective, a reviewing court must determine (1) whether the Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, (2) whether there is a reasonable probability that the result of the proceeding would have been different but for his attorney's errors. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Johnson v. State*, 169 S.W.3d 223, 235 (Tex.Crim.App.2005), cert. denied 546 U.S. 1181 (2006) (*Strickland* provides the appropriate framework for addressing an allegation that the defendant's right to testify was denied by defense counsel.). Failure to meet either prong of the *Strickland* test will defeat a claim of ineffective assistance of counsel. *Perez v. State,* 310 S.W.3d 890, 893 (Tex.Crim.App.2010).

Under the *Strickland* standard, "reasonable probability" means a probability sufficient to undermine confidence in the outcome of the trial. *Strickland,* 466 U.S. at 694; *Mitchell v. State,* 68 S.W.3d 640, 642

10

(Tex.Crim.App.2002). This requires showing "a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt," not merely "that the errors had some conceivable effect on the outcome of the proceeding." *Ex Parte Martinez,* 330 S.W.3d 891, 901 (Tex.Crim.App.2011). An appellate court's determination as to whether a defense attorney's actions "so compromised the proper functioning of the adversarial process that the trial court cannot be said to have produced a reliable result" is made by our review of the overall record. *See id.*; *see also Mills v. State,* No. 01–11–00068–CR, 2012 WL 524450 *2 (Tex.App.— Houston [1st Dist.] Feb. 16, 2012, no pet.) (mem.opinon) (not designated for publication).

In its review of defense counsel's conduct in this proceeding the Court of Appeals is required to indulge a strong presumption that his conduct fell within a wide range of reasonable professional assistance. Further, the Appellant must overcome the presumption the challenged actions could be considered sound trial strategy. *See Strickland,* 466 U.S. at 689; *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App.2000). Here, the trial record fails to demonstrate that defense counsel's performance fell below an objective standard of reasonableness—specifically, that his recommendation

the Appellant not testify during guilt-innocence was not based on sound trial strategy.

The Appellant filed a motion for new trial in which he argued defense counsel prohibited him from testifying during guilt-innocence against his desire to do so. During the motion for new trial, the Appellant's trial attorney testified he informed the Appellant he had "an absolute constitutional right to testify" but it was counsel's opinion that he should not, given the Appellant's prior criminal history (RR 7:17). Counsel further testified they discussed this issue before the close of the State's case, and the Appellant accepted his advice and chose not to testify (RR 7:17, 7:19-20). Had the Appellant chosen to testify against his attorney's advice, trial counsel said he would have made a record in court reflecting the Appellant's decision (RR 7:17-18).

Further, testimony offered by the Appellant during his motion for new trial shows that anything he said during the guilt-innocence phase of trial would have likely reinforced the prosecution's case. Specifically, during cross examination, the following exchange occurred:

STATE:      Mr. Garcia, if you had testified not to the punishment but at the guilt/innocence you say you would have told the jury the truth, right?

APPELLANT:    Yes, sir.

| STATE: | Okay. And you would have told them that you didn't hit Rene Arredondo with a pipe, right? |
|---|---|
| APPELLANT: | Yes. |
| STATE: | You would have told him -- in fact, you would have told them that you didn't hit him with anything other than your hand, right? |
| APPELLANT: | Yes, sir. |
| STATE: | Okay. You told them that in the punishment phase, didn't you? |
| APPELLANT: | I don't recall, honestly. |
| STATE: | But Mr. Leathers did call Timothy McKeel, right? |
| APPELLANT: | Yes, sir. |
| STATE: | Okay. And Timothy McKeel testified to the jury essentially what you would have said, which is that you did not hit Rene Arredondo with anything other than your hand, right? |
| APPELLANT: | Yes, he did. |

(RR 7:11).

Based on the record, the Appellant has not shown his defense attorney denied him the opportunity to testify during any portion of the instant proceeding. The Appellant further fails to rebut the presumption that trial counsel's decision not to call him to testify during guilt-innocence was

based on sound trial strategy. Finally, the Appellant has not shown that there is a reasonable probability that the result of the guilt-innocence phase of trial would have been any different had the Appellant testified about the events surrounding the offense. Accordingly, his second issue on appeal should be overruled.

**CONCLUSION**

There is sufficient evidence in the record supporting the jury's finding that the Appellant used a deadly weapon (in this case a wrench or some other blunt metal object) when the Appellant struck Rene Arredondo from behind, cracked his jaw and sent him to the hospital. The Court of Appeals should defer to the jury's determination on the Appellant's use of a deadly weapon and overrule his first issue on appeal. Further, the Appellant was not prevented from testifying during guilt-innocence by his attorney. There is also no evidence in the record that the result of the guilt-innocence phase of trial would have been different had the Appellant testified against his lawyer's advice. Accordingly, his second issue on appeal should be overruled as well.

## PRAYER

For these reasons, the State asks the Court of Appeals to overrule the Appellant's issues on appeal and affirm the trial court's judgment.

Respectfully submitted,

*/s/ Jeri Yenne*

_____

Jeri Yenne
State Bar No. 04240950
Brazoria County Criminal District Attorney

*/s/ Trey D. Picard*

_____

Trey D. Picard
State Bar No. 24027742
Assistant Criminal District Attorney

111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

ATTORNEY FOR THE APPELLEE,
THE STATE OF TEXAS

# CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below, on **February 9, 2015**:

Keith Allen
State Bar No. 01043550
Attorney at Law
2360 CR 94, Suite 106
Pearland, Texas 77584
(832) 230-0075
(832) 413-5896 Fax
Keith@KGAllenLaw.com

**Attorney for the Appellant**

By:

☐ personal delivery

☐ mail

☐ commercial delivery service

☑ electronic delivery / fax

*/s/ Trey D. Picard*

_____

Trey D. Picard
Assistant Criminal District Attorney

17

## CERTIFICATE OF RULE 9.4 COMPLIANCE

I certify that this electronically filed document complies with Rule 9.4 of the Texas Rules of Appellate Procedure and that the number of words is: **3,483.**

*/s/ **Trey D. Picard***

_____

Trey D. Picard
Assistant Criminal District Attorney

18

# APPENDIX

No documents are attached.