NO. 07-07-0505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2008
______________________________

DON BROOKS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82666; HONORABLE CHARLES D. CARVER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Don Brooks, Jr., acting pro se, filed a document with this Court on
December 27, 2007, entitled âPetition for Acquittal and Arrest of Judgment Review,â which,
as we read the document, raises issues regarding the merits of his conviction and
sentencing in cause number 82666.


 We dismiss for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â This Courtâs appellate jurisdiction is generally limited to cases appealed from trial
courts within our district. Tex. Govât Code Ann. Â§ 22.201 (Vernon 2004). We can identify
no basis for jurisdiction over appellantâs appeal. Appellant acknowledges that his appeal
in cause number 82666 is pending before the Ninth District Court of Appeals.
Â Â Â Â Â Â Â Â Â Â Appellantâs petition filed in this Court refers to Rule 17.1 of the Texas Rules of
Appellate Procedure, which addresses instances in which a court of appeals is unable to
take immediate action, and Rule 17.2, which provides for action by âthe nearest court of
appeals that is able to take immediate action.â Tex. R. App. P. 17.1, 17.2. Appellant
appears to contend that the rule has application here. Based on the statements in
appellantâs petition, we disagree that Rule 17 has application in the circumstances
described. In addition, appellant provides no explanation how, given the great distance
between Beaumont and Amarillo, this Court could be considered the nearest available
court of appeals.
Â Â Â Â Â Â Â Â Â Â Further, we take judicial notice that a case search of the Ninth District Court of
Appealsâs website reveals that an appeal of the trial court cause number referenced in
appellantâs petition is currently pending before that Court.
Â Â Â Â Â Â Â Â Â Â For these reasons, we conclude that we lack jurisdiction over appellantâs attempted
appeal. Accordingly, it is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



Do not publish. 




 intentionally or knowingly
threaten Leslie Kay Ford with imminent bodily injury. See Tex. Pen. Code Ann. Ç§
22.01(a)(2) and 22.02(a)(2) (Vernon 2003). Because a knife is not a deadly weapon per
se, the State was required to prove that in the manner of its use or intended use, it was
capable of causing death or serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B). 
The statute does not require that the actor actually intend death or serious bodily injury,
only that the object used is capable of causing death or serious bodily injury. SeeÂ McCain
v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000).

 Whether a particular knife is a deadly weapon depends upon the evidence
presented. Thomas v. State, 821 S.W.2d 616, 620 (Tex.Cr.App. 1991). This Court has
previously recognized that expert testimony is not required to determine the nature of a
weapon nor is it necessary that the weapon be introduced into evidence for the State to
meet its burden of proof. See Aleman v. State, 795 S.W. 2d 332, 335 (Tex.App.-Amarillo
1990, no pet.), citing Morales v. State, 633 S.W.2d 866, 868 (Tex.Cr.App. [Panel Op.]
1982). Also, it is unnecessary to show that any wounds were inflicted. Davidson v. State,
602 S.W.2d 272, 273 (Tex.Cr.App. [Panel Op.] 1980). However, where no actual injury is
sustained, the State must present evidence of other factors to establish that a knife is a
deadly weapon. See Victor v. State, 874 S.W.2d 748, 751 (Tex.App.-Houston [1st Dist.]
1994, pet. ref'd). Factors to consider in that determination include the dimensions and
sharpness of the knife, nature or existence of wounds, manner of its use, testimony of its
life-threatening capabilities, and the physical proximity of the accused and the victim. 
Thomas, 821 S.W.2d at 620; see also Davis v. State, 22 S.W.3d 638, 641 (Tex.App.-Waco
2000, pet. ref'd); Garcia v. State, 17 S.W.3d 1, 4 (Tex.App.-Houston [1st Dist.] 1999, pet.
ref'd). The essential question is determining whether sufficient evidence was presented
to establish that a defendant used or intended to use the knife in a manner "capable" of
causing serious bodily injury or death. Alvarez v. State, 566 S.W.2d 612, 614 (Tex.Cr.App.
1978). 

 Ford testified that the front seats in her van are approximately nine inches apart and
separated only by the console. Although the knife was not introduced into evidence, Ford
described it as approximately six inches long and not shiny. It appeared sharp and was
muted and scuffed. Appellant held it with a closed fist and frantically waived it around in
Ford's direction. Ford feared the knife was capable of causing death. Detective Burton
testified that the knife was four to six inches in length and capable of causing death or
serious bodily injury. The evidence is legally sufficient to establish appellant used a deadly
weapon.

 Ford testified that appellant never verbally threatened her. However, it is well
established that a threat need not be voiced and may be communicated by action or
conduct. McGowan v. State, 664 S.W.2d 355, 357 (Tex.Cr.App. 1984); see also Donoho
v. State, 39 S.W.3d 324, 329 (Tex.App.-Fort Worth 2001, ref'd). Assault is a nature-of-conduct offense that requires us to review the actor's conduct to determine whether he
intended to cause in the victim a reasonable apprehension of imminent bodily injury. 
Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App. [Panel Op.] 1981). Appellant entered
Ford's van without invitation and immediately slumped down in the seat and acted
suspiciously. She claimed her gun had been stolen and was frantically waiving a knife in
Ford's direction until she was driven back to her car. Ford wondered whether being in such
close proximity to appellant would get her cut if she attempted to reach for her cell phone
or try to remove the seat belt and jump out of the van. The evidence presented was
sufficient for a rational trier of fact to conclude that appellant used a knife to intentionally
or knowingly threaten Ford with death or serious bodily injury. We agree with counsel that
the trial court properly overruled appellant's motion for instructed verdict. 

 By his second arguable ground, counsel proposes that appellant's punishment was
grossly disproportionate to the crime. Appellant was convicted of a second degree felony
punishable for a term of two to 20 years. See Tex. Pen. Code Ann. Â§Â§ 12.33(a) & 22.02(b)
(Vernon 2003). A sentence imposed within the range established by the Legislature should
not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). 

 Further, although an argument that the punishment imposed is grossly
disproportionate to the offense survives under the Eight Amendment prohibition against
cruel and unusual punishment, an objection is necessary to preserve the complaint for
appellate review. See Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77 L.Ed.2d
637 (1983); see also Tex. R. App. P. 33.1(a); Solis v. State, 945 S.W.2d 300, 301
(Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that a complaint of a grossly
disproportionate sentence was not preserved for review). After the jury reached a verdict
on punishment and sentence was pronounced by the trial court, appellant did not lodge an
objection or complaint regarding the 12-year sentence. Thus, no reversible error is
presented by counsel's second point.

 Counsel's last arguable contention is ineffective assistance of counsel. A claim of
ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a defendant must
establish that (1) counsel's performance was deficient (i.e., fell below an objective standard
of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); see also Hernandez v. State, 726
S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, a defendant must demonstrate that the
deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642
(Tex.Cr.App. 2002). Failure to make the required showing of either deficient performance
or sufficient prejudice defeats the ineffectiveness claim. Garcia v. State, 887 S.W.2d 862,
880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223
(1995). 

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App. 2002); see alsoÂ Mallett v. State, 65 S.W.3d 59, 63
(Tex.Cr.App. 2001). Also, a claim of ineffectiveness must be firmly founded in the record. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999); Mercado v. State, 615 S.W.2d
225, 228 (Tex.Cr.App. 1982).

 Although a motion for new trial was filed, no hearing was conducted. Generally, a
record on direct appeal is not sufficiently developed to satisfy the first prong of Strickland. 
Mitchell v. State, 68 S.W.3d at 642. A petition for writ of habeas corpus is the appropriate
manner in which to investigate claims of ineffectiveness. Id. Nevertheless, the record
reflects that appellant's trial counsel negotiated deferred adjudication with the State which
appellant declined. The record further demonstrates that despite appellant's outbursts
during the trial, counsel mounted an adequate defense, lodged objections, effectively cross-examined witnesses, and moved for an instructed verdict. The record does not
demonstrate that counsel's performance fell below an objective standard of
reasonableness. 

 Appellant filed a pro se response professing her innocence and maintaining she was
falsely accused by the victim, who is the daughter-in-law of the Chief of Police. She also
claims the person who stole her gun is the grandson of a popular preacher. These
assertions have no legal basis and are unsupported by the record. 

 Appellant also claims Ford offered her a ride to her vehicle but instead was driven
to the "robber's" house and told by Ford to get out. She denies having a knife with her
when she got into the van. These contentions were reviewed in our legal sufficiency
analysis and need not be revisited. Appellant also complains she was "let down" by trial
counsel; however, his performance was reviewed under Strickland and found to be within
the range of reasonable and professional representation. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).