Roman MUNGUIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 59452.

Court of Criminal Appeals of Texas, Panel No. 2.

July 16, 1980.

Rehearing Denied Sept. 17, 1980.

John J. C. O'Shea, Lubbock, for appellant.

E. W. Boedeker, Dist. Atty., and Warren J. New, Asst. Dist. Atty., Levelland, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated rape. The jury assessed punishment at twenty years.

In his first ground of error, Munguia contends that the trial court erred in admitting the identification testimony from an eyewitness and the complaining witness because of a suggestive identification procedure.

On November 11, 1976, Munguia entered a convenience store around 7:30 p. m. P____ S____, the victim, and K____ M____, the eyewitness, were both working at the store that night. Munguia asked to use the telephone but was refused. He stood next to the heater for a few minutes and then left. He returned thirty minutes later to ask if anyone had been in the store looking for him and then left. He returned a short while later, stayed ten minutes and then attacked P____ S____. P____ S____ also got another chance to see Munguia during the course of the rape, although she testified that Munguia kept ordering her to turn her head. Both women testified that the lighting conditions in the store were excellent and that they had ample time to view Munguia.

Each woman helped the police develop a composite identification drawing which was introduced into evidence. Both admitted that the composite bore only a similarity to Munguia because they found it difficult to reproduce appellant's hair and skin coloring on paper. Later each woman was asked to examine three sets of mug shots of various men and each was able to identify Munguia's photograph in the third set. Because his mug shot was taken from the records of neighboring Lubbock County, his photo was somewhat larger than the rest.

Each woman was also asked to participate in a lineup identification. Prior to viewing the five men, including Munguia, each woman was shown Munguia's driver's license and told that Munguia would look somewhat older in the lineup. Not surprisingly, each positively identified the appellant.

In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court rejected a per se exclusionary rule where the identification procedures were found to be unnecessarily suggestive and adopted a more lenient rule whereby the challenged evidence would be admissible despite its suggestive taint, if it possessed certain "features of reliability." 432 U.S. at 110, 97 S.Ct. at 2251, 53 L.Ed.2d at 151.

> "This second approach . . . is ad hoc and serves to limit the societal costs imposed by a sanction that excludes relevant evidence from consideration and evaluation by the trier of fact." Id.

The Court concluded that "reliability is the linchpin in determining the admissibility of identification testimony. . . ." Id. at 114, 97 S.Ct. at 2253. The factors to be considered include the witness' opportunity to view the defendant during the commission of the offense, the witness' degree of attention, the accuracy of the prior description of the accused, the level of certainty of the identification, and the amount of time between the crime and the confrontation.

That the lineup was unnecessarily suggestive is beyond peradventure and should not be condoned. Nevertheless, both women had an opportunity to view Munguia for a total of thirty to forty minutes on the night of the crime. Both gave a description of Munguia that provided a reasonable facsimile of the appellant in a composite drawing. Both identified Munguia from mug shots after viewing three separate sets of photos. That his mug shot was somewhat larger is not persuasive. Both women were certain in their identification. There was no error. See also *Guzman v. State*, 567 S.W.2d 188 (Tex.Cr.App.1978). Appellant's contention is overruled.

■ In his second ground of error, Munguia claims that the trial of this cause violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 14, of the Texas Constitution. The first trial of this case took five and a half hours to complete. The jury's deliberations lasted three hours. At the end of the first two hours, the jury sent out a note informing the judge that they were deadlocked. At the defense attorney's request, the jury deliberated for another hour but was still unable to reach a verdict.

No issue on the reasonableness of the mistrial declaration was submitted to the jury during the second trial. *Green v. State*, 320 S.W.2d 139 (Tex.Cr.App.1958). We have long held that the declaration of a mistrial because of a hung jury is a matter committed to the trial judge's exercise of discretion which is determined by the amount of time the jury deliberates in light of the nature of the case and the evidence. *Beeman v. State*, 533 S.W.2d 799 (Tex.Cr. App.1976); *Brown v. State*, 508 S.W.2d 91 (Tex.Cr.App.1974). In *Patterson v. State*, 598 S.W.2d 265 (Tex.Cr.App.1980), the presentation of the evidence took slightly less than a day and the jury deliberated for over four hours. In the present case, the presentation of the evidence consumed a total of five and a half hours with the jury deliberating for three hours. The jury was asked as a whole whether there was any chance that they might reach a unanimous verdict and they responded negatively. There was no abuse of discretion. Appellant's second ground of error is overruled.

■ In his last ground, Munguia contends that the trial court committed reversible error in allowing Dwayne Pruitt, the county attorney of Terry County, to assist in the prosecution of the case. Pruitt, prior to his appointment as county attorney, had represented Munguia in a prior rape charge which was dismissed. Pruitt testified that while Munguia had told him all the details of that prior offense as well as Munguia's prior criminal record, there was absolutely no discussion of the facts of the instant case. In *Kizzee v. State*, 312 S.W.2d 661 (Tex.Cr.App.1958), we held that a prosecutor was not disqualified because of his tentative appointment to represent the defendant because he had not talked to the accused or any witnesses about the facts in the case. In *Reed v. State*, 503 S.W.2d 775 (Tex.Cr.App.1974), we held that a special

prosecutor, who had been retained by the defendant in another criminal case which had been dismissed, was not disqualified. There, the challenged attorney had not represented the defendant in any phase of the case at bar. Pruitt was not disqualified from representing the State in the present case.

The judgment is affirmed.