Johnny CRAWFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–88–037–CR.

Court of Appeals of Texas, Texarkana.

April 11, 1989.

___

James L. Clark, Naples, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

CORNELIUS, Chief Justice.

Johnny Crawford appeals his conviction of aggravated robbery for which the jury sentenced him to ninety-nine years' confinement. Crawford contends that he is entitled to a new trial because of error in admitting in-court identification testimony, allowing evidence of an extraneous offense, overruling his motion to change venue, and because the prosecutor excluded all blacks from the jury panel.

According to the State's evidence, Crawford entered the Pic–N–Pay store in Mt. Pleasant on March 3, 1987, pulled a gun, and ordered Judy McConnell, the clerk, to give him all the money. He ordered her into the restroom while he made his escape.

She stayed there about thirty seconds, then came out and called the police. Crawford was later arrested and charged with aggravated robbery.

Crawford first alleges that it was error to allow Judy McConnell to identify him as the robber, because her testimony was tainted by an impermissibly suggestive pretrial photographic display. The State argues that McConnell's personal observation of Crawford during the robbery was sufficient to serve as an independent origin for her in-court identification, even if the photographic display was impermissibly suggestive. McConnell first identified Crawford in a pictorial lineup prepared by the Titus County sheriff's department. Crawford's photograph in the display was a closer facial shot than the other photographs. It was also darker, showed some lines behind Crawford's head, and had two numbers instead of one, as the other photographs had.

In determining if a photographic display is impermissibly suggestive, we examine the totality of the circumstances. Each case must be decided on its own facts. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Limuel v. State*, 568 S.W.2d 309 (Tex.Crim.App. [Panel Op.] 1978). Even if the pretrial identification procedure is impermissibly suggestive, the in-court identification by a witness is admissible if the record clearly shows that the witness' prior observation was sufficient to serve as an independent origin for the in-court identification. *Jackson v. State*, 657 S.W.2d 123 (Tex.Crim. App.1983).

McConnell testified that she had a very good opportunity to observe Crawford during the robbery. There was no doubt in her mind that Crawford was the robber. She was right across the counter from him during the event, and the store was well lighted. She stated that her identification of Crawford was uninfluenced by the photographic display and that she had never identified anyone else as the robber. From this evidence we find that McConnell's observation and description of Crawford has

a sufficient independent origin to support her in-court identification.

 Crawford next contends that the trial court erred in admitting evidence of an extraneous offense. Specifically, he complains of Ronda Matthews' testimony about another robbery.

An accused may not be tried for a collateral offense or for being a criminal generally; however, Tex.R.Crim.Evid. 404(b) provides that evidence of prior acts or offenses is admissible in order to prove identity. See *Castillo v. State*, 739 S.W.2d 280, 289 (Tex.Crim.App.1987); *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1983). To be admissible on identity, the extraneous offenses or acts must have sufficient common characteristics with the offense being tried as to indicate that they were the handiwork of the accused. *Russell v. State*, 665 S.W.2d 771 (Tex.Crim.App.1983), *cert. denied*, 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984); *see also, Collazo v. State*, 623 S.W.2d 647 (Tex.Crim.App. [Panel Op.] 1981). Additionally, the relevancy of the extraneous evidence must outweigh its prejudicial effect. The determination of admissibility differs in cases resting on direct evidence and those resting on circumstantial evidence. *Castillo v. State*, supra; *Williams v. State*, supra. If the State's evidence of identity consists of direct testimony, as is the case here, identity must be contested in order for evidence of extraneous acts to be admissible, and the extraneous evidence must be of some assistance to the jury in resolving the contested issue. *Williams v. State*, supra; *Elkins v. State*, 647 S.W.2d 663 (Tex.Crim.App.1983).

Identity was contested in this case. The State offered McConnell's direct testimony, which positively identified Crawford as the robber. Crawford was the only witness produced by the defense. He denied committing the robbery and denied having a beard at the time in question. In response to this evidence, the State called Ronda Matthews. She testified that Crawford had previously robbed her at the Mt. Pleasant E–Z Mart and that he had a beard at that time. The State also proved that the robberies of the Pic–N–Pay and the E–Z Mart in Mt. Pleasant were committed about one month apart. In both instances a white male, acting alone, approached a female clerk at the convenience store at night, when no other person was in the store. The robber was dressed in a long coat or jacket, and in each robbery he pointed a firearm at the clerk while both he and the clerk were face to face at the store checkout counter. In both robberies the robber ordered the store clerk into the bathroom and ordered her to stay there or he would kill her. We find sufficient distinguishing characteristics common to both the extraneous offense and the instant offense to properly allow evidence of the extraneous offense to be admitted. Also, Matthews' testimony would have assisted the jury in judging the question of identity.

Moreover, Crawford cannot complain of the evidence. An objection to evidence must be specific and must state the grounds. *Hinkle v. State*, 442 S.W.2d 728 (Tex.Crim.App.1969). At trial, Crawford's objection was that the extraneous offense was on appeal and was not a final conviction. Extrinsic acts offered to prove identity do not need to be final convictions; indeed, they need not be offenses at all, but may consist of any relevant activity. *Crawley v. State*, 513 S.W.2d 62 (Tex.Crim.App.1974). Since the complaint on appeal is not the same as the objection at trial, nothing is presented for review.

 Crawford also contends that the trial court erred in denying his motion to change venue. Whether a change of venue should be granted depends on whether there are inherently suspect outside influences which affect the community's opinion of the case. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Phillips v. State*, 701 S.W.2d 875 (Tex.Crim.App.1985). Merely because a case is publicized in the newspapers does not by itself establish prejudice or require a change of venue. Rather, the publicity about the case must be pervasive, prejudicial, and inflammatory. *Phillips v. State*, supra. Furthermore, when the trial court is presented with conflicting evidence on the issue, its decision will not normally

be considered an abuse of discretion. *Aranda v. State,* 736 S.W.2d 702 (Tex. Crim.App.1987).

The trial court here heard nine witnesses at a hearing on Crawford's motion for change of venue. The evidence produced at that hearing did not compel a conclusion that a fair trial could not be obtained; in fact, several of Crawford's own witnesses said he could receive a fair trial in Titus County. We find no abuse of discretion in the trial court's action in this respect.

 Finally, Crawford contends that he was denied due process because the prosecutor arbitrarily excluded all black members from the jury panel by using peremptory challenges.

Although a defendant must be of the same race as the excluded jurors to assert a denial of *equal protection* because jurors were excluded from the jury panel on racial bases under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), he need not be of the same race as the excluded jurors to assert a denial of *due process* on the basis that he has been arbitrarily deprived of a jury composed of a fair cross-section of the community. *Peters v. Kiff,* 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972); *Seubert v. State,* 749 S.W.2d 585 (Tex.App.—Houston [1st Dist.] 1988, pet. granted). Crawford, who is white, therefore has standing to raise a due process claim in connection with the jury selection process.

Logic and precedent indicate that, even in a due process challenge, once the defendant has made a prima facie showing that the prosecutor used his peremptory challenges to exclude jurors because of their race, the procedure outlined in *Batson* should apply, i.e., the prosecutor must show that he excluded the prospective jurors for racially neutral reasons. *Seubert v. State,* supra. The trial court here conducted a hearing for that purpose. At the hearing, the prosecutor testified that Jean King was struck from the panel because of her young age, the fact that she was not married and had no children, and because the State preferred older jurors. Denna Green was young and had not been in the community long. She also appeared inattentive and seemed to have a better rapport with the defense attorney than with the prosecutor. Grace Jones was struck because she dropped her head and closed her eyes when the prosecutor began his presentation. He thought she was not paying attention and would not make a good juror.

The trial court is in the best position to judge the credibility of the witnesses and the prosecutor in a *Batson*-type hearing. Its decision should also be given great deference on review. *Henry v. State,* 729 S.W.2d 732, 734 (Tex.Crim.App.1987). The evidence here does not show that the trial court abused its discretion in this respect.

For the reasons stated, the judgment of the trial court is affirmed.