In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00157-CR


______________________________




PATRICK SHANE STACKS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 00F0245-005




 




Before Morriss, C.J., Moseley and Cornelius*, JJ.


Memorandum Opinion by Chief Justice Morriss





________________________________________

*William J. Cornelius, Retired, Sitting by Assignment

MEMORANDUM OPINION



 Over eight years ago, Patrick Shane Stacks, after exposing his genitals to a child, pled guilty
to the third-degree felony offense of indecency with a child, was given a ten-year suspended
sentence, and was placed on ten years of community supervision with various conditions. One
condition of the community supervision forbade Stacks from possessing, acquiring, obtaining,
reviewing, or retaining sexually oriented compact disks or disks that portrayed nudity of an adult or
child.

 On April 30, 2008, officers visited Stacks' home (1) and found there a collection of DVDs: at
least seven of those were noted specifically to contain adult nudity. Many were noted to contain
"strong sexuality." Thereafter, on the State's motion, the trial court entered judgment revoking
Stacks' community supervision and sentenced him to eight years' confinement.

 Stacks now appeals from this judgment and argues that the condition forbidding him from
viewing materials portraying adult nudity was not reasonably related to treatment associated with
his conviction for indecency with a child, that the condition violated due process since there was no
factual basis in the record to support the imposition of such a condition, and that the condition was
an unconstitutional prior restraint of his freedom of expression. Finally, Stacks requests reformation
of the judgment revoking community supervision since it incorrectly labeled indecency with a child 
as a violation of Section 22.11 of the Texas Penal Code, rather than Section 21.11, and incorrectly
categorized the offense as a second-degree felony, rather than a third-degree felony. See Tex. Penal
Code Ann. § 21.11(d) (Vernon 2003). 

 We affirm the revocation because (1) Stacks waived all challenges to the conditions of his
community supervision; although we reform the judgment because (2) the judgment incorrectly
recites the section number and the offense level.

(1) Stacks Waived All Challenges to the Conditions of His Community Supervision

 An award of community supervision is a contractual privilege entered into between a court
and a defendant. Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Conditions of
community supervision (2) not objected to are affirmatively accepted as terms of the contract. Id. at
534. 

 The law is well settled that a defendant cannot challenge a condition of community
supervision for the first time at a revocation proceeding. Id. at 535; Vale v. State, 486 S.W.2d 370
(Tex. Crim. App. 1972); Lozano v. State, Nos. 04-04-00534-CR, 04-04-00535-CR, 04-04-0536-CR,
04-04-00537-CR, 2006 WL 166364, at *2 (Tex. App.--San Antonio Jan. 25, 2006, pet. ref'd); In re
V.A., 140 S.W.3d 858, 860 (Tex. App.--Fort Worth 2004, no pet.) (defendant could not object that
condition of community supervision was unreasonable at revocation hearing); Lopez v. State, 46
S.W.3d 476, 480 (Tex. App.--Fort Worth 2001, pet. ref'd) ("Under Speth, therefore, we are
prohibited from hearing on appeal a challenge to the validity of a condition of community
supervision unless an objection to that condition was made at the time the condition was imposed,
presumably at sentencing."); McIntyre v. State, No. 01-98-00163-CR, 2000 WL 489412, at *5 (Tex.
App.--Houston [1st Dist.] Apr. 27, 2000, no pet.) (mem. op., not designated for publication)
("Appellant's allegation that some of his conditions of community supervision were vague, invalid,
and/or unconstitutional concern appellant's conviction and punishment, not the revocation of his
community supervision. Therefore, these matters should have been raised by timely appeal after he
was placed on community supervision."); Edwards v. State, No. 06-99-00113-CR, 2000 WL
1130076, at *2 (Tex. App.--Texarkana Aug. 8, 2000, pet. ref'd) (mem. op., not designated for
publication); Anthony v. State, 962 S.W.2d 242, 245-46 (Tex. App.--Fort Worth 1998, no pet.).

 A brief review of the issues on appeal reveals that they concern Stacks' conviction and
punishment, not the revocation of his community supervision. Stacks' complaints, that the condition
requiring him to refrain from viewing or possessing compact disks depicting adult nudity was
unreasonable, violated due process, and restrained his freedom of expression, are all matters that
should have been raised eight years ago when the condition complained of was imposed. Because
Stacks' complaints are untimely, we cannot address them. See Edwards, 2000 WL 1130076, at *2. 


(2) The Judgment Incorrectly Recites the Section Number and the Offense Level

 Stacks also seeks reformation of the judgment revoking his community supervision. The
Texas Rules of Appellate Procedure give this Court authority to reform judgments and correct 
typographical errors to make the record speak the truth. Tex. R. App. P. 43.2; French v. State, 830
S.W.2d 607, 609 (Tex. Crim. App. 1992); Peek v. State, No. 06-08-00069-CR, 2008 WL 5090344,
at *1-2 (Tex. App.--Texarkana Dec. 4, 2008, no pet. h.) (reforming judgment to reflect correct
degree of offense); Battle v. State, No. 06-07-00148-CR, 2008 WL 482343, at *3 (Tex.
App.--Texarkana Feb. 25, 2008, no pet.) (mem. op., not designated for publication) (reforming
judgment to reflect proper statute under which defendant should have been convicted); Gray v. State,
628 S.W.2d 228, 233 (Tex. App.--Corpus Christi 1982, pet. ref'd). 

 Although Stacks was convicted of indecency with a child, an offense found in Section 21.11
of the Texas Penal Code, the judgment revoking community supervision recites Section 22.11 as the
"statute for offense." Section 22.11 of the Texas Penal Code, entitled "Harassment By Persons in
Certain Correctional Facilities; Harassment of Public Servant," does not apply. We reform the
judgment by replacing "22.11" with "21.11," to reflect conviction under the correct statute. 
Additionally, indecency with a child by means of exposure is a third-degree felony offense. Tex.
Penal Code Ann. § 21.11(d). There is nothing in the record to suggest that Stacks' conviction was
enhanced. Thus, we also reform the judgment to reflect that the offense was a third-degree felony,
not a second-degree felony.


 As reformed, the judgment is affirmed.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 12, 2009

Date Decided: January 14, 2009


Do Not Publish
1. During that home visit, Stacks reportedly admitted to viewing "sexually oriented material
for approximately a month and a half." Based on this discovery, community supervision officer
David Rodgers executed an affidavit averring Stacks violated a condition of his community
supervision. The trial court conducted a hearing on the motion to revoke Stacks' community
supervision. Rodgers testified he had warned Stacks about viewing sexually explicit materials after
Stacks failed several polygraph examinations and "was dishonest about this issue." 
2. A trial court has broad discretion in determining conditions of community supervision. Tex.
Code Crim. Proc. Ann. art. 42.12, § 11 (Vernon Supp. 2008); McArthur v. State, 1 S.W.3d 323,
331 (Tex. App.--Fort Worth 1999, no pet.). In fact, Article 42.12 of the Texas Code of Criminal
Procedure allows a trial court to "impose any reasonable condition that is designed to protect or
restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." 
Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a); Speth, 6 S.W.3d at 533.



ibility  of  an  in-court
identification: 1) whether the out-of-court identification procedure was impermissibly suggestive;
and, if suggestive, 2) whether that suggestive procedure gave rise to a substantial likelihood of
irreparable misidentification." Conner v. State, 67 S.W.3d 192, 200 (Tex. Crim. App. 2001); see
Simmons v. United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 302 (1967);
Barley, 906 S.W.2d at 33. "[A] finding that a challenged pretrial identification procedure was not
in fact impermissibly suggestive will obviate the need to assay whether under the circumstances it
created a substantial likelihood of misidentification." Ford v. State, 919 S.W.2d 107, 117 (Tex.
Crim. App. 1996) (quoting Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988)); see
Williams v. State, 675 S.W.2d 754, 757 (Tex. Crim. App. 1984).

 In determining if a photographic display is impermissibly suggestive, we examine the totality
of the circumstances. Each case must be decided on its own facts. Crawford v. State, 770 S.W.2d
51, 52 (Tex. App.--Texarkana 1989, no pet.) (citing Simmons v. United States, 390 U.S. 377 (1968);
Limuel v. State, 568 S.W.2d 309 (Tex. Crim. App. [Panel Op.] 1978)). In Crawford, we held that,
where the victim had a sufficient opportunity to see the defendant, the victim's observation and
description of Crawford had a sufficient independent origin to support her in-court identification. 
Crawford, 770 S.W.2d at 52-53. 

 Plater argues that the lineup was suggestive because his picture was placed in the bottom
right corner of the page "where the victim's eyes would naturally fall first" and because Plater's
photograph had the "lightest background." We are not convinced the photographic lineup shown to
Taylor was impermissibly suggestive. Viewing the entire array, we cannot say Plater's picture is
"highlighted" or stressed over the other photographs. (4) Cf. Garcia v. State, 563 S.W.2d 925, 929
(Tex. Crim. App. 1978) (in totality of circumstances, that not all subjects of photographs had
moustaches or tattoos, and appellant was several inches taller than other subjects, did not render
lineup impermissibly suggestive). 

 Even if we found the array impermissibly suggestive, we find no evidence this "suggestive
procedure" gave rise to a substantial likelihood of irreparable misidentification. Factors to be
considered in reviewing identification testimony include: (1) the witness' opportunity to view the
defendant during the commission of the offense; (2) the witness' degree of attention; (3) the accuracy
of the prior description of the accused; (4) the level of certainty of the identification; and (5) the
amount of time between the crime and confrontation. Hill v. State, 692 S.W.2d 716, 721 (Tex. Crim.
App. 1985) (citing Munguia v. State, 603 S.W.2d 876, 878 (Tex. Crim. App. 1980)). Taylor testified
he recognized Plater from the casino. This identification is made more reliable by Taylor's
recollection that on three occasions, at the blackjack table, Plater asked Taylor for a chip. Taylor
said he had nothing to drink at the casino and had played at the table for about an hour. This
indicates he had a good opportunity to observe Plater. He told Deputy Dale Hukill, the night of the
robbery, that the robber was a man Taylor had seen at the casino. When Lieutenant Pamela Dunklin
presented Taylor with the photographic lineup, she told him not to pick anyone unless Taylor was
"a hundred percent sure." Taylor "took about two seconds" to pick Plater out of the photographs. 
Although more than two years elapsed between the crime and trial, there is nothing in the record to
impugn Taylor's certainty of his identification. After viewing a lineup, later identification is
admissible as long as the record demonstrates that a witness' prior knowledge of the accused serves
as an independent source for the identification. Jackson v. State, 657 S.W.2d 123, 130 (Tex. Crim.
App. 1983). No error is shown. 


IV. Motion for Directed Verdict


 Plater's last point of error claims the trial court should have granted Plater's request for a
directed verdict. Specifically, Plater claims there was no evidence of a deadly weapon being used
in the commission of the robbery.

 This issue has been discussed in the legal sufficiency discussion, and we will not repeat it. 
Suffice it to say that, even though the weapon used was never produced, other evidence was
sufficient to prove the use of a deadly weapon. Taylor testified Plater pulled a gun on him, as
opposed to just using his fingers, because he "could see the barrel and felt the barrel being placed
against me." When Taylor hesitated giving Plater the money, he said Plater told him, "You're about
to get shot." It is not required the State produce the actual weapon used in the offense. See Morales
v. State, 633 S.W.2d 866, 868 (Tex. Crim. App. [Panel Op.] 1982) (concluding that, although knife
was not produced, testimony established that knife was deadly weapon); Rogers v. State, 795 S.W.2d
300, 303 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd) (holding that, although gun was not in 

evidence, testimony supported finding that appellant carried gun at time of robbery). The trial court 




did not err in denying Plater a directed verdict. We overrule this point and affirm the judgment and
conviction. 


 Jack Carter

 Justice


Date Submitted: April 30, 2008

Date Decided: June 20, 2008


Do Not Publish 



1. This case was transferred to this Court pursuant to the Texas Supreme Court's docket
equalization program.
2. Plater does not challenge his life sentence.
3. The lineup should depict persons with sufficient similarity in appearance to give the witness
a reasonable opportunity to identify the defendant and to establish that the identification is reliable. 
See Ford v. State, 794 S.W.2d 863, 866 (Tex. App.--El Paso 1990, pet. ref'd). The photographs
used in the lineup should depict persons of the same race, general skin color, age, and height as the
suspect. See, e.g., Barley v. State, 906 S.W.2d 27, 33-34 (Tex. Crim. App. 1995); Rivera v. State,
808 S.W.2d 80, 95 (Tex. Crim. App. 1991). 
4. In a recent unpublished decision, the Waco Court of Appeals was presented with a similar
argument: the appellant contended the photographic lineup in his case was impermissibly suggestive
where there was a "halo" effect on his picture; reviewing the record in that case, the reviewing court
found the lineup was not impermissibly suggestive. Jackson v. State, No. 10-07-00089-CR, 2008
Tex. App. LEXIS 698 (Tex. App.--Waco Jan. 30, 2008, pet. ref'd) (mem. op., not designated for
publication).